(No. 2966—

CENTRAL STATES DISTRIBUTORS, INC., VINCENT M. BONDI, HILLMAN'S JOE GREIN AND J. PAHLS, INC., E. G. LYONS AND RAAS CO., FRUIT INDUSTRIES, LTD., A. M. WEST, DOING BUSINESS AS GREYSTONE WINES, MEYER FRANK, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1939.*

*Petition for rehearing denied February 14, 1941.*

ALLEN H. SCHULTZ, for claimants.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimants allege that they were engaged in the bottling of bulk wines for resale, at their respective plants located in the City of Chicago and State of Illinois, and as bottlers of wines, they purchased wines in bulk from licensees in Illinois, and other states, and then bottled the same for resale to licensed dealers and licensed distributors in the State of Illinois, and in other states; that the annual fee for an importing distributor under the Illinois Liquor Control Law is $250.00; and for a Class B. Manufacturer's license, that is, a manufacturer of wines, the license fee is $500.00; that prior to the amendment to the Illinois Liquor Control Law effective July 1, 1935, the fiscal license period commenced on May 1st of each year.

Claimants further allege that the Illinois Liquor Control Commission made an oral and verbal ruling to the effect that one who purchased bulk wines and bottled the same for resale is a manufacturer of wine, and must obtain a Class B. License and pay a license fee of $500.00, as provided for in the Illinois Liquor Control Law, and claimants should be required to obtain a license fee and pay the sum of $500.00 therefor.

Claimants contend further that they should only be required to obtain an Importing Distributor's License, and pay therefor, the sum of $250.00, but that they were required to pay $500.00 commencing on May 1, 1934, or go out of business. It is also averred that the Illinois Liquor Control Commission stated to the claimants that the Illinois Liquor Control

Commission would grant claimants a refund of $250.00 each if the regulation was changed, and it would not be necessary for the claimants to go through any legal proceedings to obtain said fund, and as a result of this promise made by the Commission, the claimants did not file suit for a temporary injunction as they had planned to do.

It is also averred that the Commission did not rescind its verbal regulation, and did not recommend that a refund be granted to claimants in the sum of $250.00 each, or in any other sum, but passed Regulation 6A of the Joint Rules and Regulations of the Illinois Liquor Control Commission and the Department of Finance, which reads as follows:

"Any person who acquires any alcoholic liquors in bulk and bottles or changes the container of such alcoholic liquors either in its original condition, or after having rectified, blended or fortified the same, is deemed to be a manufacturer and is required to obtain a manufacturer's license."

This regulation was rescinded on May 31, 1935, and the Illinois Liquor Control Commission suggested to claimants that if they desired to obtain the refund of $250.00, it would be necessary for them to file their claim with the Court of Claims.

It appears that the claimants paid the sum of $500.00 under protest in time to do business commencing the fiscal year May 1, 1934, and that they paid the same for the year commencing May 1, 1934 and ending April 30, 1935.

The Attorney General has moved to dismiss this suit for the reason that during this time the Illinois Liquor Control Commission required claimants to pay $500.00 per year, and that the claimants had a remedy at law which was complete and adequate.

Claimants contend that no refund was made. The rules were not changed for the full period of one year for which they paid their license fee, and what they did was to pay double the license fee required by law, but it is plain, that whatever the merits of this controversy be, this court has no jurisdiction in the case for the reason that the Statute provides in Section 8a of Article VII of the Liquor Control Act of Illinois, as follows:

"When no appeal is taken from a rule, regulation, order or decision of said State commission, as herein provided, parties affected by such rule, regulation, order or decision shall be deemed to have waived the right to have the merits of said controversy reviewed by a court and there shall be

no trial of the merits of any controversy in which such rule, regulation, order or decision was made, by any court or in any other judicial proceeding."

The Act provides for an appeal in such case.

In view of this statute, this court does not have any jurisdiction because no appeal was taken in the manner provided by law, and the case relied upon by claimants, that of *Lombardo, et al.* vs. *State of Illinois,* 9 C. C. R. page 271 is not in point. Because that question did not arise in that case, another reason exists barring an award in this case. It does not appear that the Illinois Liquor Control Commission had any power under the statute to grant a refund in this case. Therefore, it was without power to make a promise to refund taxes voluntarily paid. In the case of *LeFevre* vs. *County of Lee,* 353 Ill. page 30, it was held that taxes paid voluntarily and not under duress cannot be recovered by the tax-payer even though the tax be illegal, and it was also held that a board of supervisors had no authority to refund taxes except that given it by the revenue act.

The motion of the Attorney General to dismiss will, therefore, be sustained, and the case dismissed.